UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ROBERT STRATOBERDHA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 1:25-cv-00640-MSM-AEM |
| TOWN OF PORTSMOUTH, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Robert Stratoberdha, the plaintiff here, has been struggling to keep and protect his home at 18 Peggy Lane, Portsmouth, since not long after he and his now-ex-wife, Etleva Stratoberdha, purchased it in 2008. The details of this saga are recounted in *Stratoberdha v. Clements Props., LLC*, 337 A.3d 667 (R.I. 2025). According to the Complaint, the abutting neighbor, Clements Properties, hired East Coast Construction whose work caused improper drainage from the Clements property to flood the property at 18 Peggy Lane. (ECF No. 1 at 36.) Mr. Stratoberdha maintains that the Town of Portsmouth and the Rhode Island Department of Environmental Management ("DEM") failed to address the flooding and actively concealed it from him. *Id.* Mr. Stratoberdha has filed a lawsuit in Rhode Island Superior Court against a long list of people, including the seller of the property, East Coast Construction, a number of Town officials, DEM, and several lawyers. *Stratoberdha*, 337 A.3d at 669.

1

Meanwhile, beyond the flooding, there were problems at 18 Peggy Lane, and Ms. Stratoberdha filed for divorce while the Superior Court case was pending. N2-021-4468. A trial was held in Family Court and Barbara Grady was appointed Commissioner with authority to sell to a third party or to sell to the plaintiff himself. (ECF No. 29-4.)[1]

Mr. Stratoberdha was unhappy with the resolution of both the Superior Court lawsuit and the Family Court divorce. In the Superior Court, Commissioner Grady, acting pursuant to the authority given to her by the Family Court, settled the Superior Court lawsuit by agreeing (on Mr. Stratoberdha's behalf since he would not sign) to a sale of the marital home for $845,000 and damages to be paid by the Town of another $75,000. A Superior Court judge approved the Settlement Agreement. Meanwhile, the Family Court incorporated the Settlement Agreement into its decree and issued a directive to execute the sale. *Stratoberdha*, 337 A.3d at 669-70.

Ultimately, Mr. Stratoberdha filed an appeal with the Rhode Island Supreme Court of both the Superior Court's approval of the settlement and the Family Court's effectuation of it. The Supreme Court affirmed the Superior Court decision. *Id.* at 671. In reaching its decision, the Supreme Court noted that Mr. Stratoberdha had

---

[1] The Family Court divorce decrees and Orders are integral to Mr. Stratoberdha's Complaint and although consideration of a Motion to Dismiss is generally limited to the pleadings, the Court may consider documents sufficiently referenced in the Complaint, or upon which the allegations in the Complaint are based, or those integral to the Complaint. *Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 81 (1st Cir. 2025). Here, Mr. Stratoberdha's Complaint takes issue with whether Ms. Grady's actions were within her lawful authority, so the basis of that authority is integral to the claims.

2

not appealed properly from any of the Family Court orders, including the one giving Commissioner Grady authority to reach a binding settlement and the one directing execution of the Settlement Agreement. *Id.* at 670-71.

Having lost in three state courts, Mr. Stratoberdha turned his eye to the federal courts and filed this action on December 2, 2025. He claims that a slew of people – those sued in the Superior Court plus a number who had some role in the Family and Superior Court litigation – violated his civil rights. He claims federal question jurisdiction, 28 U.S.C. § 1331, through 42 U.S.C. §§ 1983 and 1985.

Before the Court are four Motions to Dismiss. They raise similar grounds. For a variety of reasons, every defendant sued in this case is entitled to dismissal, whether by virtue of a general lack of jurisdiction or a defect in a particular claim. Because Mr. Stratoberdha is proceeding *pro se*, the Court will endeavor to explain some of those reasons in this Memorandum & Order. Mr. Stratoberdha is no stranger to litigation, and he has filed an Objection to the Motions to Dismiss that responds to all the issues raised. (ECF No. 42.)

## A. Causes of Action

Counts I through IV assert violations of the First Amendment to the United States Constitution, the Takings Clause of the Fifth Amendment, and both the Due Process (procedural and substantive) and Equal Protection Clauses of the Fourteenth Amendment.[2] All of those claims require jurisdiction through 42 U.S.C. § 1983.

---

[2] There are other "claims" sprinkled throughout the Complaint, some of which do not come within recognized causes of action, such as alleged First Amendment retaliation by persons who are not government employees and, therefore, whose conduct the

Count V sues for a violation of 42 U. S.C. § 1985. The context for looking at whether the Complaint states a cause of action against any of the defendants it names requires brief discussion of 42 U.S.C. § 1983 and 42 U.S.C. § 1985: the statutes that Mr. Stratoberdha relies upon for the exercise of this Court's federal question jurisdiction. They convert conduct taken in an entirely state arena into acts potentially cognizable in a federal question claim over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Section 1983 supplies a cause of action when persons act "under color of state law" to violate constitutional rights. The test for whether an entity or individual acts under color of state law is a functional one, examining whether they acted with authority granted them by virtue of state law. *Pike v. Budd*, 133 F.4th 74, 83 (1st Cir. 2025). The Court must look at the nature of the act performed, not the title of the official or person performing it. *See id.* The second requirement for a § 1983 action is that there has been commission of what is referred to as a "constitutional injury, . . . a deprivation of some federally secured right." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 55 (1st Cir. 2006).

Section 1985 creates a cause of action for private conduct when the claim is that two or more persons conspired to deprive a person of their constitutional rights,

---

First Amendment does not proscribe. *See e.g.,* ECF No. 1 at 45 (contending that the First Amendment was violated by people who restricted access to Mr. Stratoberdha's property, ignored court filings, blocked hearings and suppressed complaints). Among his complaints about Commissioner Barbara Grady is that she caused "structural interference in the adjudicative process," and that Judge Maureen Keough committed "structural judicial error." *Id.* at 26-27, 28.

even if the persons act in a purely private way. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). Like any conspiracy allegation, the claim requires a meeting of the minds to achieve a particular agreed-upon goal. *Rolon v. Rafael Rosario & Assocs., Inc.*, 450 F. Supp. 2d 153, 159 (D.P.R. 2006) (quoting *Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 17 (1st Cir. 1979)). Termed the "Ku Klux Klan Act," the § 1985 Reconstruction statute was not "intended to apply to all tortious, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). Instead, "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102. There must be evidence of some motivation to discriminate based on race or some other class-based characteristic. *Burns v. State Police Ass'n of Massachusetts*, 230 F.3d 8, 12 (1st Cir. 2000). A plaintiff must show that s/he was discriminated against "*because of* their membership in [such] a class and that the criteria defining the class were invidious." *Doe v. City of Boston*, 145 F.4th 142, 157 (1st Cir. 2025) (quoting *Harrison v. Brooks*, 519 F.2d 1358, 1360 (1st Cir. 1975)).

### B. Particular Defendants

Before moving to the common grounds for dismissal, the Court addresses arguments applicable to particular defendants.

As for defendants Judge Lynch and Judge Keough, the actions complained-of are judicial actions and they enjoy absolute immunity for those. *Mireles v. Waco,* 502

U.S. 9, 12 (1991) (holding that judges are absolutely immune both from payment of damages and from being sued, unless their actions were taken with a complete lack of jurisdiction or the actions were taken outside their judicial role).   They are DISMISSED from the case.

Cort Chappell is alleged to have been a Portsmouth Town Solicitor who declined to prosecute defendants Clements and East Coast Construction for alleged environmental violations.  The Complaint claims that Mr. Chappell was aware of the facts surrounding the alleged violations as a result of his presence at a deposition but nonetheless failed to act.  (ECF No. 1 at 10.)  The decision whether to prosecute is at the core of the prosecutorial function and is therefore entirely immune from liability. *Guzman-Rivera v. Rivera-Cruz,* 55 F.3d 26, 31 (1st Cir. 1995) (holding that a charging decision is shielded from liability).   Mr. Chappell is DISMISSED from the case.

There are certain defendants who acted only as attorneys representing people or entities in the Superior and Family Court lawsuits.  Defendant Boren represented Etleva Stratoberdha and is mentioned only in the caption and the section identifying parties.  Attorney Russell Jackson formerly represented both of the Stratoberdhas  in the Superior Court and acted purely as a private party.   Attorney Michael DeSisto defended the Town in Mr. Stratoberdha's action against it.  Representation of a party is not acting under color of state authority simply because the party litigates in state court and may win a state court judgment.  *Goetz v. Windsor Cent. School Dist.,* 593 F. Supp. 526, 528-29 (N.D.N.Y. 1984).  The relationship is purely private.  *Runge v. Kelly,* No. 05–CV–10849–RGS, 2006 WL 167497,at *2 (D. Mass. January 23, 2006)

6

(holding that private lawyers do not become state actors merely by being licensed by the state); *Bibby v. Sparr*, No. CA 08-333 ML, 2009 WL 159690, at *3 (D.R.I. Jan. 22, 2009) ("It is well established that the appointment of a private attorney by the court to represent a defendant in a criminal proceeding does not convert the private attorney's actions into acts 'under color of state law.'" (quoting *Malachowski v. City of Keene*, 787 F.2d 704, 710)).  The absence of action under color of law dooms a claim brought under § 1983, and the lack of evidence of a meeting of the minds to further a goal propelled by racial or other class-based animus similarly dooms a claim brought under § 1985.  The Motions to Dismiss brought by Attorneys Boren, Jackson and DeSisto (ECF Nos. 29, 32, 33) are GRANTED and they are DISMISSED.

There are certain defendants who have not moved to dismiss, but the Court has authority to dismiss when the claims that have been made are "patently meritless." *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002).  Attorney Kristen Assalone allegedly did some undescribed action that exposed Mr. Stratoberdha to "risk of being framed for theft."  (ECF No. 1 at 89.)  That is not a sufficient allegation upon which to either base jurisdiction under § 1983 or § 1985 or plead that a constitutional violation has occurred by virtue of her conduct.  Portsmouth Police Detective Stephen Burns is alleged simply to have appeared at the Mr. Stratoberdha's door with a business card, which Mr. Stratoberdha classifies as an "intimidating" act. (ECF No. 1 at 15, 87.)  However much emotional trauma the Mr. Stratoberdha may have suffered from being told by the detective that he was there because of a trespass issue, there is no cause of action based on the facts alleged because there is no conduct

that in any way could be deemed violative of any constitutional or otherwise guaranteed right. The act of appearing at someone's door with a business card and informing them of a prosecution is not a search, a seizure, or conduct compelling self-incrimination; it is not sufficiently threatening to chill Mr. Stratoberdha's free speech activity. The only factual allegations against the Mr. Stratoberdha's ex-wife, defendant Etleva Stratoberdha, are that she seized the "entire value" of an apartment in Albania, she signed papers unlawfully and did what the Court allowed her to do. (ECF No. 1 at 91-92.) Mr. Stratoberdha has set forth the actions of these three defendants whose lawfulness he disputes. Assuming these facts to be true, by no stretch are these actions unconstitutional or unlawful. In addition, Ms. Assalone and Ms. Stratoberdha were clearly not acting under color of state law. Detective Burns did not act in a way that remotely could implicate a violation of civil or constitutional rights. All these parties—Attorney Assalone, Detective Burns, and Ms. Stratoberdha—are DISMISSED from the case for failure to state a claim against any of them.

The remaining defendants are Clements Properties, LLC, East Coast Construction, the Town of Portsmouth, DEM, and Commissioner Grady. These are the entities and individuals who were related in some way to Mr. Stratoberdha's core complaints about the flooding and his continuing challenge to the settlement reached in the Superior Court litigation.

8

### C. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine deprives the federal district courts of jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments [that were] rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank National Trust Co.*, 907 F.3d 61, 65 (1st Cir. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005)).

That is precisely what Mr. Stratoberdha is trying to do, although he is knowledgeable enough in the law to expressly rebut that accusation in his response to the Motions to Dismiss. (ECF No. 42 at 4.) While he maintains that he is bringing different claims, all he has done is dress his assertions up in the language of constitutional rights. Many of his allegations challenge in some way the validity of the Settlement Agreement, such as the assertion that Commissioner Grady was not authorized to sign it. (ECF No. 42 at 7-8.) Her authority, however, rested on the Family Court's Order appointing her Commissioner and giving her explicit authority to enter into settlements and sell the property. (ECF No. 29-4.) Underneath all the constitutional language of this Complaint are the same issues he litigated in the Family and Superior Courts; and their judgments against him were upheld by the Rhode Island Supreme Court. *Stratoberdha* 337 A.3d at 667 (R.I. 2025).

Mr. Stratoberdha is not entitled to relitigate his claims in this Court. *Rooker-Feldman* precludes this action, and there is no need for the Court to reach the multiple other defenses raised in the Motions to Dismiss. The four Motions (ECF No.

9

29, 30, 32, 33) are GRANTED.  All remaining defendants and claims have been

DISMISSED.   All other pending Motions are DENIED as moot and terminated.

IT IS SO ORDERED.

Mary S. McElroy,
United States District Judge
July 8, 2026